UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRYANT LOVING,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GOMEZ, KRISTA TORRES, DEBRA DUFFEL, in their individual capacities, and WEXFORD HEALTH SOURCES, INC.,<br><br>Defendants. | Case No. 19-cv-00029<br><br>Judge Mary M. Rowland |

### MEMORANDUM OPINION AND ORDER

Plaintiff Bryant Loving required services for his medical needs while incarcerated at Sheridan Correctional Center. He sues David Gomez, Krista Torres, and Debra Duffel in their individual capacities, and Wexford Health Sources, Inc. under 42 U.S.C. § 1983, claiming that they displayed deliberate indifference to his medical needs. Defendant Wexford has moved for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies. [128]. For the reasons explained below, this Court denies Wexford's motion.

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such

1

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (quotation omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). The "controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.*

## BACKGROUND

As a preliminary matter, Wexford has moved to strike some of Plaintiff's statements of additional fact, arguing that they fail to comply with the Federal Rules of Evidence and this district's Local Rules. This Court maintains broad discretion to enforce the local rules governing summary judgment motions, *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008), and addresses Wexford's motion to strike before turning to the merits of Wexford's motion.

First, this Court denies Wexford's motion to strike Plaintiff's additional facts 7–13, 16–20, and 22–26 on the basis that they are duplicative of Wexford's own facts. [140] at 3. The Court can disregard any redundancies on a fact-by-fact basis and need not strike the facts wholesale.

Wexford next requests that this Court strike paragraphs 3 and 4 of Plaintiff's additional facts. *See* [140] at 3. This Court grants this request because neither paragraph is properly supported by admissible evidence. In paragraph 3, Plaintiff states that upon arrival at Sheridan, "the facilities medical staff was informed of [his] chronic medical conditions, including but not limited to[,] genital lesions and kidney failure." PSAF ¶ 3. Plaintiff's only support for this fact comes from the declaration of his attorney, Joseph Mulherin. *Id.*; *see* [135-1] at 2. However, Plaintiff's attorney is not a witness with personal knowledge, and his opinion is "no substitute for evidence." *Hunter v. WirelessPCS Chicago LLC*, No. 18 CV 980, 2022 WL 864533, at *5 n.5 (N.D. Ill. Mar. 23, 2022). This Court strikes paragraph 3 for failure to cite to admissible evidence.

Paragraph 4 is also deficient. It states: "During his time at Sheridan, [Plaintiff] suffered from penile herpes lesions, a chronic viral skin condition." PSAF ¶ 4. Plaintiff attempts to support this assertion by citing Mulherin's declaration, as well as progress notes produced by Wexford in discovery. *See id.*; [131-1] at 5. Again, Mulherin's declaration does not constitute admissible evidence, as he lacks personal knowledge to testify on Plaintiff's condition at Sheridan. Moreover, the Court has reviewed the progress notes that Plaintiff cites to and determines that they do not

3

reflect that Plaintiff experienced a chronic condition. The notes show only that upon entry at Sheridan on July 2, 2017, a screening revealed that Plaintiff had a "current genital herpes outbreak." [135-1] at 5. Because the progress notes do not support paragraph 4's assertion, this Court will strike paragraph 4 for lack of admissible evidence.

This Court also grants Wexford's request to strike paragraph 12 of Plaintiff's statement of additional facts. [140] at 4. Plaintiff fails to support this fact with citations to admissible evidence (beyond the pleadings), as Plaintiff must. *See Loc. 705 Int'l Bhd. of Teamsters Pension Fund v. Gradei's Express Co.*, No. 18 CV 6893, 2020 WL 1530737, at *3 (N.D. Ill. Mar. 31, 2020) (observing that "the non-moving party cannot rest on bare pleadings alone but must designate specific material facts showing that there is a genuine issue for trial"), *aff'd sub nom. Loc. 705 Int'l Bhd. of Teamsters Pension Fund v. Pitello*, 3 F.4th 949 (7th Cir. 2021)).

With those evidentiary issues resolved, this Court summarizes the pertinent facts, which it takes from Defendant's statement of facts (DSOF) [126], Plaintiff's response to Defendant's statement of facts (PRSOF) [135], Plaintiff's statement of additional facts (DSAF) [135], and Defendant's response to Plaintiff's additional facts (DRSAF) [139].

**I. Parties**

At all relevant times, Plaintiff was an inmate in the custody of the Illinois Department of Corrections (IDOC) at Sheridan Correctional Center. DSOF ¶ 3.

4

Wexford, a private corporation, provides medical services to inmates at Sheridan. *Id.* ¶ 4.

## II. Grievance History

Defendant moves for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies before filing suit. This Court therefore details Plaintiff's grievance history below.

Plaintiff filed his first grievance on November 25, 2017, writing that:

> when I got here to Sheridan in July 18th I was suppose to go to Stroger in Chicago for my follow up appointment, but Sheridan never sent me, as a result my condication [sic] got worst [sic]. My doctor told me on Oct 27th that I must return on Nov 3th for a emergency IV to stop the infection. But Sheridan never sent me. I'm very concerned for my health and I need this issue taken care of A.S.A.P.

[126-2] at 3; DSOF ¶ 11. It is undisputed that Plaintiff exhausted this grievance up to the level of IDOC's Administrative Review Board (ARB). DSOF ¶ 11. The ARB denied Plaintiff's grievance, finding this issue was "appropriately addressed by facility Administration." [126-2] at 1.

Plaintiff filed a second grievance on December 20, 2017, which he later fully exhausted up to the level of the ARB. DSOF ¶ 14. In this second grievance, Plaintiff requested that a doctor, "Mrs. Gail," be "disciplined for failing to treat his boil and swollen lymph node." [126-3] at 7. Plaintiff also requested to be "seen A.S.A.P." for his "medical issues." *Id.* Plaintiff's counselor denied this grievance as moot, DSOF ¶ 15, and on February 6, 2018, the ARB denied the grievance stating that "offender was seen by NP . . . cultures were taken [and] pain meds prescribed," [126-3] at 1.

5

Plaintiff filed a third grievance on April 23, 2018, which he also exhausted up to the ARB. DSOF ¶ 17. In this April 23 grievance, Plaintiff complained that, while in medical observation on February 13, 2018, he heard two correctional officers discussing Plaintiff's private medical information "out loud" which Plaintiff felt was "very unprofessional." [126-4] at 2. The ARB denied this grievance as untimely. *Id.* at 1.

On May 21, 2018, the ARB responded to two of Plaintiff's grievances, filed on January 9, 2018, and March 14, 2018. DSOF ¶ 20.[1] The January 9 grievance requests "testing to [determine if Plaintiff still needs] antibiotics and IV antibiotics if necessary," and "[f]ollow-up visits to outside hospitals to be scheduled as directed [by] outside doc." [126-5] at 6. The March 14 grievance requests that his treatment be "monitored as the doctor ordered." *Id.* at 3. On June 4, 2018, the ARB denied both grievances as untimely. DSOF ¶ 22; [126-5] at 1.

Plaintiff submitted two grievances on July 3, 2018. In the first of the July 3 grievances, Plaintiff requests "medical treatments" and for his "medical needs and appointments to stop being neglected." [126-6] at 5. Plaintiff also states: "I guess H.C.U. or Mrs. Krista Torres or Wexford didn't follow proper policies and they are still billing me" for a treatment he previously received. *Id.* at 6. While the record indicates that the ARB received this first July 3 grievance on September 6, 2018,

---

[1] Although the statement of fact states that the ARB's report is dated May 14, 2018, the actual date of the report—as reflected in [126-5]—is *March* 14, 2018.

6

there is no record of the ARB responding to this particular grievance. *See generally* [126-6].

In the second July 3, 2018 grievance, Plaintiff requests "the medication the outside doctor prescribed to me." [126-7] at 4. On October 25, 2018, the ARB responded to this second July 3 grievance and another filed on September 11, 2018. DSOF ¶¶ 26–28; *see generally* [126-7]. In the latter grievance, Plaintiff requests his "antibiotic cream prescription" and an end to the "malicious acts against" him. [126-7] at 5. The ARB response stated that the medication Plaintiff requested is not within the jurisdiction of the officers and must be "ordered by the attending physician." [126-7] at 1.

Plaintiff submitted another grievance on August 30, 2018, writing to "show that Sheridan C.C. officials are lying about . . . [following] all proper policies." [126-6] at 2. In a September 21, 2018 ARB response to this grievance, the ARB claimed that Plaintiff provided "no justification" for "additional consideration." [126-6] at 1.

**IV. Plaintiff's Federal Claim**

In his amended complaint, Plaintiff alleges that at Sheridan, he suffered from various ailments including genital herpes lesions, chronic kidney disease, kidney failure, a staph infection, and boils on both buttocks. [76] ¶¶ 2, 14, 15, 24. He sues Wexford, as well as various individuals, for exhibiting deliberate indifference to his medical issues. [76]. Relevant here, Plaintiff asserts that Wexford maintains an unconstitutional "policy, practice or custom of denying or delaying medical treatment to prisoners in an effort to save money." [76] ¶ 35.

7

Wexford moves for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies before filing his claim in federal court. [128].

## ANALYSIS

I. **Exhaustion Requirements**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court. 42 U.S.C. § 1997e(a). Proper exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Crouch v. Brown*, 27 F.4th 1315, 1320 (7th Cir. 2022) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)). For decades, the Seventh Circuit has "taken a strict compliance approach to exhaustion." *Id.* (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). The PLRA prohibits an inmate from suing over prison conditions under Section 1983 "until such administrative remedies as are available are exhausted." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (quoting 42 U.S.C. § 1997e(a)).

Exhausting administrative remedies requires inmates to follow each step prescribed by the state's administrative rules governing prison grievances. *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020). Illinois maintains a multi-step grievance process: First, a prisoner may file, within 60 days, of an incident, a complaint to a counselor or grievance officer. 20 Ill. Admin. Code § 504.810(a)–(b). The counselor or officer reports factual findings and recommendations the facility's chief administrative officer (typically the warden), who provides a decision to the prisoner.

8

*Id.* § 504.830(d). If the prisoner remains unsatisfied, he can then appeal to the ARB within 30 days of the decision. *Id.* § 504.850(a)–(f). The ARB then makes a final determination of the grievance and sends a copy of its decision to the prisoner. *Id.* § 504.850(e).

## II. Plaintiff Adequately Exhausted Administrative Remedies

In moving for summary judgment, Wexford's sole argument posits that Plaintiff failed to adequately exhaust his administrative remedies because he did not specifically name "Wexford" in any of his grievances. *See generally* [127]; [140]. Wexford's argument is unpersuasive for two reasons.

First, Wexford's argument is not factually accurate. In Plaintiff's first July 3, 2018 grievance, Plaintiff complains about not receiving medical treatment and asks for his "medical needs and appointments to stop being neglected." [126-6] at 5. Plaintiff then specifically names Wexford as a party responsible for his alleged deprivations, stating: "I guess H.C.U. or Mrs. Krista Torres *or Wexford didn't follow proper policies. . . ." Id.* at 6 (emphasis). While Wexford suggests that Plaintiff did not procedurally exhaust this grievance because there is no record that the ARB responded to it, [140] at 11, it is undisputed that Plaintiff submitted the grievance to the ARB, which satisfies the Illinois procedural requirements. Indeed, the Seventh Circuit has "rejected the notion that prisoners absolutely cannot file suit until the ARB's decision is issued," *Woods v. Forehand*, No. 13-CV-1130-NJR-DGW, 2015 WL 1188326, at *3 n.1 (S.D. Ill. Mar. 12, 2015) (citing *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002)). A "non-response to a properly filed grievance can render an

9

inmate exempt from further exhaustion requirements." *Daniels v. Lawrence*, No. 20-CV-96-DWD, 2022 WL 562603, at *4 (S.D. Ill. Feb. 24, 2022).

Moreover, although Wexford *is* correct that Plaintiff's other grievances do not mention Wexford by name, omitting Wexford does not render a grievance unexhausted. While the Illinois Administrative Code generally requires that grievances "contain factual details . . . including the name of each person . . . involved," *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (quoting 20 Ill. Admin. Code § 504.810(b)), the law does not require detailed specificity when Wexford is the defendant because "grievances that complain of medical failures clearly invoke Wexford and its employees, who are charged with providing medical care to Illinois inmates," *Daval v. Zahtz*, No. 3:19-cv-50147, 2021 WL 2072127, at *5 n.5 (N.D. Ill. May 24, 2021). It is thus "well-settled that an inmate does not need to name Wexford in order to exhaust administrative remedies against it." *Buck v. Knauer*, No. 18-CV-4195, 2021 WL 794979, at *4 (N.D. Ill. Mar. 2, 2021); *see also, e.g.*, *Nicholl v. Wexford Health Care Sources, Inc.*, No. 16-CV-50151, 2019 WL 4894566, at *2 (N.D. Ill. Oct. 4, 2019) (finding grievances that "do not specifically mention Wexford and do not detail problems with its policies or practices" nevertheless satisfy exhaustion requirement because they "put administrators on notice of the alleged problem with a fair opportunity to respond"); *Orozco v. Wexford Health Sources, Inc.*, No. 16-CV-995, 2018 WL 306923, at *4 (S.D. Ill. Jan. 5, 2018) (holding that because "the plaintiff is claiming a broad denial of proper treatment by the health care unit as a whole, he will not be found at fault for failing to name Wexford itself"); *Williams v. Carter*, No.

10

12 C 50140, 2012 WL 4815476, at *2 (N.D. Ill. 2012) (denying motion to dismiss "on the grounds of non-exhaustion" despite the "plaintiff's failure to expressly name Wexford in his grievances"). Instead, when a Wexford policy or practice is at issue, "grieving activities for which Wexford was responsible and/or involved in the decision-making process are generally sufficient to put the prison on notice that the plaintiff was grieving a Wexford policy or practice." *Diaz v. Baldwin*, No. 18-CV-1426-RJD, 2021 WL 1401463, at *3 (S.D. Ill. Apr. 14, 2021). This is because the grievance process serves the purpose of providing prison officials a "fair opportunity" to address an inmate's complaint. *Maddox*, 655 F.3d at 713.

Despite not naming Wexford in his other grievances, Plaintiff gave Wexford a "fair opportunity" to address his concerns over delayed or denied medical treatment. For example, Plaintiff's November 25, 2017 grievance, which he undisputedly exhausted up to the ARB, complained that his condition worsened because he was not taken to his follow-up appointment at Stroger Hospital to receive an emergency IV for an infection. [126-2] at 3; DSOF ¶ 11. As another example, Plaintiff complained in his second July 3, 2018 grievance about not receiving medication that his outside doctor had prescribed; he then undisputedly grieved this complaint up to the level of the ARB. [126-7] at 1, 4. These grievances put Wexford on notice that Plaintiff was experiencing inadequate medical treatment for which Wexford is responsible as the medical care provider at Sheridan. They fulfill the PLRA's purpose of providing prison officials a "fair opportunity" to address an inmate's complaint. *Maddox*, 655 F.3d at 713.

11

For those reasons, Plaintiff has exhausted his administrative remedies. This Court therefore denies Wexford's motion for summary judgment [128].

## CONCLUSION

For the stated reasons, this Court denies Defendant's motion for summary judgment. [128].

E N T E R:

Dated: August 1, 2022

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge